**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FEDERAL INSURANCE COMPANY and GREAT NORTHERN INSURANCE COMPANY,

Plaintiffs,

v.

HEALTHCARE INFORMATION AND MANAGEMENT SYSTEMS SOCIETY, INC.,

Defendant.

Case No. 20-cv-6797

**COMPLAINT**

Plaintiffs, Federal Insurance Company ("Federal") and Great Northern Insurance Company ("Great Northern"), by counsel, bring this action against Healthcare Information and Management Systems Society, Inc. ("HIMSS") and allege as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for the purpose of determining an actual controversy between the parties by construing the rights and legal obligations arising under contracts of insurance issued by Federal and Great Northern.

2. Federal and Great Northern seek a declaration that they need not defend or indemnify their insured, HIMSS, in connection with a purported class action complaint filed against HIMSS captioned *Hatchmed Corp., et al. v. Healthcare Information and Management Systems Society, Inc*. in the United States District Court for the Northern District of Illinois, Case No. 1:20-CV-03377 (the "Underlying Lawsuit", attached as "Exhibit A").

## PARTIES

3. Plaintiff Federal is an insurance company organized and existing under the laws of the State of Indiana, with its principal place of business in New Jersey.

4. Plaintiff Great Northern is an insurance company organized and existing under the laws of the State of Indiana, with its principal place of business in New Jersey. Great Northern is a wholly-owned subsidiary of Federal.

5. Defendant HIMSS is an Illinois not-for-profit corporation that maintains its principal place of business in Cook County, Illinois.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between plaintiffs and defendant and the amount in controversy, including the potential costs of both defending and indemnifying HIMSS exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because HIMSS's principal place of business is in this judicial district, the Underlying Lawsuit is pending in this judicial district and many of the acts from which the Underlying Lawsuit originated occurred in the Northern District of Illinois.

8. An actual controversy within the meaning of 28 U.S.C. § 2201 exists among the parties regarding the coverage provided under policies of insurance.

## BACKGROUND INFORMATION

### A. The Underlying Lawsuit

9. This matter arises out of the Underlying Lawsuit filed against HIMSS by Hatchmed Corp. ("Hatchmed"), on behalf of itself and similarly situated others (the "putative

class") that paid HIMSS for access to and exhibition space at an annual health and technology tradeshow which HIMSS organizes and hosts as a "thought leader" in the healthcare ecosystem (the "Tradeshow"). The Tradeshow was scheduled to take place in March 2020.

10. The Underlying Lawsuit alleges that members of the putative class executed contracts with HIMSS, which required HIMSS to provide access and floor space at the Tradeshow in consideration of payments made by Hatchmed and the putative class members. The Underlying Lawsuit further alleges that pursuant to a contract executed on November 20, 2019, HatchMed paid $11,075.00 to HIMSS in exchange for access to the Tradeshow so that it could exhibit its goods and services.

11. The Underlying Lawsuit alleges that as many as one thousand members of the putative class entered into similar contracts with HIMSS for Tradeshow access and floorspace, and that the amount in controversy exceeds $5 million.

12. HIMSS is alleged to have breached its contract with each member of the putative class by cancelling the Tradeshow due to the COVID-19 pandemic, but unilaterally retaining payments made under these contracts by members of the alleged putative class for access and exhibition space at the Tradeshow.

13. The Underlying Lawsuit seeks class certification on the basis that certain common questions of law exist including: (1) whether HIMSS breached its contracts to provide access to the Tradeshow by cancelling the Tradeshow and refusing to issue refunds; (2) whether HIMSS complied with its obligations under the contracts; and (3) whether HIMSS has any valid legal defense for this conduct.

14. The Underlying Lawsuit asserts causes of action for breach of contract, unjust enrichment, and promissory estoppel.

15. The Underlying Lawsuit alleges that Hatchmed and the putative class members were wrongfully deprived of amounts paid to HIMSS and that, in the absence of the litigation, HIMSS will retain the benefits of this wrongdoing.

## B. The Policies

### 1. The 2019-2020 D&O Policy

16. Federal issued ForeFront Portfolio (For Not-for-Profit Organizations) Policy No. 6803-0243 (the "2019-2020 D&O Policy", attached as "Exhibit B"), effective for the period October 1, 2019 through October 1, 2020, which was extended by endorsement to October 31, 2020 (the "2019-2020 D&O Policy Period"), to HIMSS, the Named Insured. The 2019-2020 D&O Policy's Directors & Officers and Entity Liability Coverage Part (the "D&O Coverage Part") has a $10,000,000 aggregate limit of liability subject to a $25,000 Retention under Insuring Clause 3.

### 2. The GL Policy

17. Great Northern issued Customarq Classic Insurance Program Package Policy No. 3605-61-00 CHI (the "GL Policy", attached at "Exhibit C"), effective for the period July 1, 2020 to July 1, 2021 (the "2020-2021 GL Policy Period"). The GL Policy has limits of liability of $1 million each occurrence and $2 million in the aggregate (the 2019-2020 D&O Policy and the GL Policy are collectively referred to as the "Policies").

## C. The Notifications of the Underlying Lawsuit Under the Policies

18. On or about June 23, 2020, HIMSS provided notice to Federal of the Underlying Lawsuit under the 2019-2020 D&O Policy.

19. By letter dated August 7, 2020, Federal denied that it owes a duty to defend or indemnify HIMSS for the Underlying Lawsuit under the 2019-2020 D&O Policy.

20. On September 24, 2020, Federal sent a follow-up letter to HIMSS asking that it advise whether HIMSS disagreed with Federal's denial of coverage under the 2019-2020 D&O Policy and requesting that HIMSS enter into a non-waiver agreement if it disagreed with Federal's coverage position in order to obviate the need for coverage litigation.

21. By email correspondence from its broker dated November 3, 2020, HIMSS also provided notice to Federal and Great Northern of the Underlying Lawsuit under the GL Policy and the renewal of the 2019-2020 D&O Policy (the "2020-2021 D&O Policy"). The November 3, 2020 email described the Underlying Lawsuit as follows: "[p]laintiff’s sued defendant for its unilateral decision to keep all of the money paid by defendants to plaintiff for tradeshows which have been cancelled."

22. On November 5, 2020, Federal sent another follow up letter to HIMSS regarding whether it disagreed with Federal's coverage position under the 2019-2020 D&O Policy, and its request that HIMSS consider entering into a non-waiver agreement if it disagreed with Federal's coverage position.

23. By letter dated November 6, 2020, Great Northern responded to HIMSS's notification of the Underlying Lawsuit under the GL Policy, advising that coverage is not available under the GL Policy and Great Northern does not have a duty to defend or indemnify HIMSS for the Underlying Lawsuit under the GL Policy.

24. By letter dated November 10, 2020, HIMSS's counsel responded to Federal's August 7, 2020 letter regarding the 2019-2020 D&O Policy, advising that HIMSS disputes Federal's coverage position and demanding that Federal withdraw its denial of coverage and provide coverage under the 2019-2020 D&O Policy for the Underlying Lawsuit.

25. HIMSS has not disputed or otherwise responded to Great Northern's coverage position regarding the Underlying Lawsuit under the GL Policy. Federal has not yet had the opportunity to issue a coverage position letter regarding the 2020-2021 D&O Policy, but the Underlying Lawsuit is a Claim first made during the 2019-2020 Policy Period and before the policy period for the 2020-2021 D&O Policy.

**COUNT I - DECLARATORY JUDGMENT**
**THE 2019-2020 D&O POLICY'S PROFESSIONAL SERVICES EXCLUSION**
**(Federal Has No Duty to Defend or Indemnify Pursuant to the Professional Services Exclusion)**

26. Federal and Great Northern reassert and incorporate by reference Paragraphs 1 through 25 as if fully set forth herein.

27. Endorsement No. 6 of the 2019-2020 D&O Policy's D&O Coverage Part provides that no coverage will be available for "**Loss**" on account of any "**Claim**" based upon, arising from, or in consequence of any actual or alleged error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted, or allegedly committed or attempted in connection with the rendering of, or actual or alleged failure to render, any "**Professional Services**" for others by any person or entity otherwise entitled to coverage under the D&O Coverage Section, provided, however, that this exclusion shall not apply to any "**Specific Management Claim**" (the "Professional Services Exclusion").

28. The Underlying Lawsuit alleges that, as a "thought leader" serving the healthcare industry, HIMSS organizes and facilitates the Tradeshow "[w]ith thousands of products and services, 400+ first-time exhibitors and start-up companies, 320+ education sessions on the show floor, hot-topic specialty pavilions, and multiple international pavilions[.]" The Underlying Lawsuit is based upon, arising from, or in consequence of any actual or alleged error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed,

attempted, or allegedly committed or attempted in connection with the rendering of, or actual or alleged failure to render, any "**Professional Services**." Therefore, the Professional Services Exclusion precludes coverage for the Underlying Lawsuit and Federal has no duty to defend or indemnify HIMSS under the 2019-2020 D&O Policy.

29. An actual controversy exists between Federal and HIMSS with respect to Federal's obligations under the 2019-2020 D&O Policy in connection with the Underlying Lawsuit as HIMSS continues to tender this matter for coverage. Accordingly, the Court's declaration of the parties' rights and obligations is required to resolve the controversy.

**WHEREFORE**, Federal requests a judgment against HIMSS as follows:

i. Declare that the Professional Services Exclusion applies to the Underlying Lawsuit and the 2019-2020 D&O Policy does not cover any loss, expense, or other relief arising out of, or in any way related to the Underlying Lawsuit;

ii. Declare Federal owes no duty to defend or indemnify HIMSS for the Underlying Lawsuit under the 2019-2020 D&O Policy; and

iii. Award Federal any other relief that this Court deems just and appropriate.

**COUNT II - DECLARATORY JUDGMENT**
**THE 2019-2020 D&O POLICY'S CONTRACT EXCLUSION**
**(Federal Has No Duty to Indemnify Pursuant to the Contract Exclusion)**

30. Federal and Great Northern reassert and incorporate by reference Paragraphs 1 through 29 as if fully set forth herein.

31. Subsection 6 of the D&O Coverage Section of the 2019-2020 D&O Policy's D&O Coverage Part provides that Federal shall not be liable under Insuring Clause 3 for "**Loss**," other than "**Defense Costs**," on account of any "**Claim**" based upon, arising from, or in consequence of any actual or alleged liability of an **Organization** under any written or oral contract or

agreement, provided that this exclusion shall not apply to the extent that the **Organization** would have been liable in the absence of such contract or agreement (the "Contract Exclusion").

32. The Underlying Lawsuit is based upon, arising from, or in consequence of the actual or alleged liability of HIMSS under a written or oral contract or agreement, and HIMSS would not have any liability in the absence of such contracts or agreements. Therefore, Federal has no duty to indemnify HIMSS under the 2019-2020 D&O Policy.

33. An actual controversy exists between Federal and HIMSS with respect to Federal's obligations under the 2019-2020 D&O Policy in connection with the Underlying Lawsuit as HIMSS continues to tender this matter for coverage. Accordingly, the Court's declaration of the parties' rights and obligations is required to resolve the controversy.

**WHEREFORE**, Federal requests a judgment against HIMSS as follows:

i. Declare that the Contract Exclusion applies to the Underlying Lawsuit and the 2019-2020 D&O Policy does not cover any settlement, judgment, award, or other relief arising out of, or in any way related to the Underlying Lawsuit;

ii. Declare Federal has no obligation to indemnify HIMSS in connection with the Underlying Lawsuit under the 2019-2020 D&O Policy;

ii. Award Federal any other relief that this Court deems just and appropriate.

**COUNT III - DECLARATORY JUDGMENT**
**THE 2019-2020 D&O POLICY'S DEFINITION OF "LOSS"**
**(Federal Has No Duty to Indemnify HIMSS's Repayment of Wrongfully Retained Funds or Other Uninsurable Amounts)**

34. Federal and Great Northern reassert and incorporate by reference Paragraphs 1 through 33 as if fully set forth herein.

35. Insuring Clause 3 of the 2019-2020 D&O Policy's D&O Coverage Part obligates Federal to pay, subject to the 2019-2020 D&O Policy's other terms and conditions, "**Loss**" which HIMSS becomes legally obligated to pay on account of any "**Claim**" for a "**Wrongful Act**" and

provides that Federal will have the duty to defend HIMSS against any "**Claim**" covered by the D&O Coverage Part. The 2019-2020 D&O Policy's "**Loss**" definition includes amounts that HIMSS is legally obligated to pay on account of a "**Claim**", but does not include, among other things, amounts that are uninsurable under applicable law. Federal has no obligation under the D&O Coverage Section, to pay for amounts which do not constitute "**Loss**" as defined in the 2019-2020 D&O Policy.

36. The Underlying Lawsuit does not seek "**Loss**" as defined by the 2019-2020 D&O Policy's D&O Coverage Part. Instead, the Underlying Lawsuit seeks the return of amounts paid to HIMSS pursuant to various contracts, and which HIMSS allegedly improperly retained after it failed to perform under the contracts. As the Underlying Lawsuit seeks the return of ill-gotten gain, which is uninsurable under the law, it does not seek "**Loss**" as that term is defined by the 2019-2020 D&O Policy's D&O Coverage Part.

37. Additionally, the Underlying Lawsuit seeks the return of amounts paid to HIMSS pursuant to contracts, or damages resulting from such retention, as a result of HIMSS's failure to perform under its contracts. Payments required for voluntarily undertaken contractual obligations are not amounts which HIMSS is "legally obligated" to pay and do not constitute "**Loss**" under the 2019-2020 D&O Policy's D&O Coverage Section.

38. The Underlying Lawsuit seeks amounts for the return of ill-gotten gain or are otherwise uninsurable, and for which HIMSS is not legally obligated to pay, which do not constitute a "**Loss**" under the 2019-2020 D&O Policy. Therefore, Federal has no duty to indemnify HIMSS under the 2019-2020 D&O Policy for the Underlying Lawsuit.

39. An actual controversy exists between Federal and HIMSS with respect to Federal's obligations under the 2019-2020 D&O Policy in connection with the Underlying

Lawsuit as HIMSS continues to tender this matter for coverage. Accordingly, the Court's declaration of the parties' rights and obligations is required to resolve the controversy.

**WHEREFORE**, Federal requests a judgment against HIMSS as follows:

i. Declare that the Underlying Lawsuit seeks amounts that are not a "**Loss**" under the 2019-2020 D&O Policy, and coverage is not available under the Policy for a settlement or judgment in the Underlying Lawsuit;

ii. Declare Federal has no obligation to indemnify HIMSS in connection with the Underlying Lawsuit under the 2019-2020 D&O Policy; and

iii. Award Federal any other relief that this Court deems just and appropriate.

**COUNT IV - DECLARATORY JUDGMENT**
**THE GL POLICY DOES NOT PROVIDE COVERAGE**
**(Great Northern Has No Duty to Defend or Indemnify HIMSS For the Underlying Lawsuit)**

40. Federal and Great Northern reassert and incorporate by reference Paragraphs 1 through 39 as if fully set forth herein.

41. Coverage does not apply under the GL Policy because, among other reasons, the Tradeshow was cancelled on or around March 5, 2020 and the Underlying Lawsuit was filed on June 8, 2020, and therefore does not constitute an occurrence, accident, injury, damage or offense occurring during the 2020-2021 GL Policy Period, which incepted on July 1, 2020.

42. A number of additional coverage defenses would preclude entirely or limit coverage for the Underlying Lawsuit under the GL Policy, including but not limited to: (i) none of the insuring agreements are potentially triggered by the Underlying Lawsuit; (ii) the Scheduled Diseases Exclusion Endorsement (which includes Coronavirus and COVID-19), would preclude coverage; and (iii) the Professional Liability, Total Exclusion Endorsement, would preclude coverage.

43. An actual controversy exists between Great Northern and HIMSS with respect to Great Northern's obligations under the GL Policy in connection with the Underlying Lawsuit as HIMSS continues to tender this matter for coverage. Accordingly, the Court's declaration of the parties' rights and obligations is required to resolve the controversy.

**WHEREFORE**, Great Northern requests a judgment against HIMSS as follows:

i. Declare that the Underlying Lawsuit does not constitute a claim, occurrence, accident, injury, damage or offense occurring during the 2020-2021 GL Policy Period;

ii. Declare Great Northern has no obligation to defend or indemnify HIMSS in connection with the Underlying Lawsuit under the GL Policy; and

iii. Award Great Northern any other relief that this Court deems just and appropriate

**RESERVATION OF RIGHTS**

44. The Policies contain other terms, conditions, and exclusions that may be relevant to the Underlying Lawsuit. Nothing in this complaint should be construed as a waiver by Federal or Great Northern of any coverage defenses under the Policies, the 2020-2021 D&O Policy, or any other policy issued by Federal or Great Northern. Federal and Great Northern continue to reserve the right to raise all other terms, conditions, and exclusions as defenses to coverage for any claim made under the Policies, the 2020-2021 D&O Policy or any other policy issued by Federal or Great Northern where appropriate.

Dated: November 16, 2020

Respectfully submitted,

By: _s/ Matthew Dostal_______________
*Counsel for Plaintiffs*

Matthew J. Dostal
Clyde & Co US LLP
55 West Monroe Street
Suite 3000
Chicago, IL 60603
+1 312 635 7000
matthew.dostal@clydeco.us